# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA G.,<br><br>                                    Plaintiff,<br><br>v.<br><br>FRANK J. BISIGNANO, Acting<br>Commissioner of Social Security,[1]<br><br>                                    Defendant. | Case No.:  21-cv-01702-JLB<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>**[ECF No. 20]** |

   Before the Court is a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by Young Cho, counsel for Plaintiff Martha G. ("Plaintiff").  (ECF No. 20.)  The Commissioner of Social Security (the "Commissioner") takes no position on the motion. (ECF No. 22.)  For the reasons set forth below, the Court **GRANTS** the motion.

///

---

   [1]   Frank J. Bisignano, the Acting Commissioner of Social Security as of May 6, 2025, is hereby substituted as the defendant in this matter pursuant to Federal Rule of Civil Procedure 25(d).

## I.      BACKGROUND

On September 30, 2021, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and disability insurance benefits and for supplemental security income benefits ("SSI").  (ECF No. 1.) On July 6, 2022, the Commissioner filed the Administrative Record.  (ECF No. 11.)  On October 17, 2022, the parties filed a Joint Motion for Voluntary Remand pursuant to sentence four of 42 U.S.C. § 405(g).  (ECF No. 15.)  The same day, the undersigned judge granted the Joint Motion and remanded the case for further proceedings.  (ECF Nos. 16, 17.)

On November 15, 2022, the parties filed a joint motion requesting that the Court award Plaintiff attorney's fees and expenses pursuant to the pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (ECF No. 18.)  The Court granted the joint motion and awarded Plaintiff attorney's fees and expenses in the amount of $4,900.00. (ECF No. 19.)

On remand, the Social Security Administration ("SSA") issued a fully favorable decision to Plaintiff on August 19, 2024, finding that Plaintiff has been disabled under the Social Security Act since September 11, 2015.  (ECF No. 20-2.)  On October 13, 2025, Plaintiff was awarded $118,598.00 in past due benefits.  (ECF No. 20-3.)  The SSA withheld $29,649.50 from Plaintiff's past due benefits in case they needed it to pay Plaintiff's representative.  (*Id.* at 4.)

In the instant motion, Plaintiff's counsel requests that the Court order the payment of attorney's fees in the amount of $29,649.00, payable to Law Offices of Lawrence D. Rohlfing, Inc., CPC, and order reimbursement to Plaintiff in the amount of $4,900, which

2

21-cv-01702-JLB

is the amount of EAJA fees previously awarded to Plaintiff and assigned to counsel. (ECF No. 20 at 1–2.)[2]

## II.    LEGAL STANDARD

42 U.S.C. § 406(b) provides in relevant part as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

The statute does not instruct the district court as to how counsel's fees should be calculated. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). With respect to Section 406(b), the U.S. Supreme Court has held that,

> [m]ost plausibly read, . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (footnotes and citations omitted). Thus, in cases in which a contingency fee agreement exists, a district court should first look to the contingency fee agreement and then test it for reasonableness. *Id.* at 808.

The Supreme Court has instructed that a reduction of the fee award may be appropriate "based on the character of the representation and the results the representative achieved." *Id.* The Ninth Circuit subsequently explained that when analyzing the

---

[2]    Plaintiff's counsel does not seek reimbursement under 42 U.S.C. § 406(a). (*See* ECF No. 20 at 10.)

reasonableness of a fee award, a court "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). To this end, the Supreme Court has explicitly provided:

> [T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Gisbrecht*, 535 U.S. at 808; *see also Crawford*, 586 F.3d at 1151. Thus, in awarding fees, a district court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1151 (emphasis in original).

"[T]he Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht,* 535 U.S. at 798 n.6. "Because the SSA has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford*, 586 F.3d at 1149. "The attorney bears the burden of establishing that the fee sought is reasonable." *Id.* at 1148 (citation omitted).

The EAJA also permits an attorney to receive fees for successful Social Security representations. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1216–17 (9th Cir. 2012). Fees awarded pursuant to the EAJA are paid by the government rather than the claimant. *Id.* at 1218. Accordingly, while "[f]ee awards may be made under both prescriptions, . . . the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (second alteration in original) (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 186); *see also Parrish*, 698 F.3d at 1218 ("[I]n order to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys, the savings provision requires a lawyer to offset any

21-cv-01702-JLB

fees received under § 406(b) with any award that the attorney receives under [28 U.S.C.] § 2412 if the two were for the 'same work.'").

## III.   DISCUSSION

Pursuant to *Gisbrecht,* the Court must first look to see if a contingency fee agreement exists in this case.  535 U.S. at 808.  Plaintiff's representation agreement with counsel provides that "the fee for successful prosecution of this matter is 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court." (ECF No. 20-1 at 1 (emphasis removed).)  Counsel now seeks $29,649.00, or 25% of the amount awarded to Plaintiff in past-due benefits.  (*See* ECF No. 20-3 at 2.)

In support of the motion, Plaintiff's counsel attaches the ALJ's decision on remand, the SSA's notice of award of past due benefits, her contingency fee agreement with Plaintiff, her resume, and an itemized list of the hours she spent representing Plaintiff in this matter.  (ECF Nos. 20-2, 20-3, 20-1, 20-4, 20-6.)  Counsel also attaches a Social Security Report to Congress in March 2024 regarding the Limitation on Administrative Expenses, and pages of the United States Consumer Law Attorney Fee Survey Report 2017–2018, the USAO Fitzpatrick Matrix, and the 2025 Laffey Matrix.  (ECF Nos. 20-5, 20-7, 20-7.)

Upon review, the Court finds that the amount sought by Plaintiff's counsel is reasonable.  First, the results obtained by Plaintiff's counsel were excellent, as the case was jointly remanded to the Commissioner for further proceedings after the filing of Plaintiff's merits brief, which ultimately resulted in the award of $118,598.00 in past due benefits to Plaintiff.  Second, the Court finds that there was no undue delay or substandard performance that would warrant a downward adjustment.

Third, the amount sought is consistent with the 25% cap set by Congress and is not disproportionate to the time spent by Plaintiff's counsel in this action.  Plaintiff's counsel spent 20.4 hours representing Plaintiff between August 2021 and November 2022.  (ECF No. 20-5.)  Between September 2021 and November 2022, a paralegal with counsel's firm spent an additional 2.3 hours on this case.  (*Id.*)  The effective hourly attorney rate of

$1,453.38 (or combined hourly rate of $1,306.12), considering counsel's experience and results, is not out of line with hourly rates approved by courts in this District. *See, e.g., Eldridge v. O'Malley*, No. 20-cv-01135-CAB-RBM, 2024 WL 1744079, at *2 (S.D. Cal. Apr. 23, 2024) (approving a $20,462 fee award with a de facto hourly attorney rate of $1,015.98 for 20 hours and 8 minutes of work); *Desiree D. v. Saul*, No. 3:19-CV-01522-RBM, 2021 WL 1564331, at *3 (S.D. Cal. Apr. 20, 2021) (approving a $16,363 fee award with a de facto hourly attorney rate of $1,494.34 for 10.95 hours of work); *Martinez v. Saul*, No. 15-CV-1994-BTM-BGS, 2019 WL 3322481, at *2 (S.D. Cal. July 24, 2019) (approving a $30,000 fee award with an effective blended attorney/paralegal hourly rate of $1,488.83 for 20.15 hours of work); *see also Crawford*, 586 F.3d at 1153 (Clifton, J., concurring in part and dissenting in part) (noting that majority ordered payments in underlying cases that equated to $519, $875, and $902 hourly rates for the time of both attorneys and paralegals).

Accordingly, the Court finds an award of attorney's fees in the amount of $29,649.00 to be reasonable. In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms.

**IV.   CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). Accordingly, the Court hereby awards to Law Offices of Lawrence D. Rohlfing, Inc., CPC attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $29,649.00. The Court further orders Law Offices of Lawrence D. Rohlfing, Inc., CPC to reimburse Plaintiff the amount of $4,900 for EAJA fees.

**IT IS SO ORDERED.**

Dated:  March 1, 2026

Hon. Jill L. Burkhardt
United States Magistrate Judge

6

21-cv-01702-JLB